IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHERRY FOX-MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 09 C 1690 |
| | ) | |
| COUNTY OF COOK, COOK COUNTY | ) | Magistrate Judge Nan R. Nolan |
| SHERIFFS DEPARTMENT, and | ) | |
| COOK COUNTY DEPUTY SHERIFFS | ) | |
| C. JONES and K. TRYBA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff charges Defendants C. Jones and K. Tryba with violating her civil rights under 42 U.S.C. § 1983. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and this case is set for trial on November 1, 2010. Before the Court are two motions *in limine* filed by Plaintiff and five motions *in limine* filed by Defendants. For the reasons set forth below, Plaintiff's Motion *in Limine* No. 1 [Doc. 47] is denied; Plaintiff's Motion *in Limine* No. 2 [Doc. 48] is granted; Defendants' Motions *in Limine* Nos. 1, 2 and 4 [Docs. 49, 50 and 52] are granted; Defendants' Motion *in Limine* No. 3 [Doc. 51] is granted in part and denied in part; and Defendants' Motion *in Limine* No. 5 [Doc. 53] is denied.

## I. BACKGROUND

This action concerns an incident that occurred on March 27, 2007, while Deputy Sheriff Defendants C. Jones and K. Tryba ("Deputy Sheriffs") were attempting to process an eviction order at 3847 W. Jackson, Chicago, Cook County, Illinois. Plaintiff alleges that during the

incident, the Deputy Sheriffs seized and arrested her without a warrant and without probable cause, in violation of the Fourth and Fourteenth Amendments (Count I). Plaintiff also alleges that the Deputy Sheriffs searched her person without probable cause, in violation of the Fourth Amendment (Count II). Plaintiff further claims that during the incident, Jones subjected her to excessive force (Count III), and that Tryba failed to intervene to prevent the misconduct (Count IV), in violation of the Fourth Amendment. Finally, Plaintiff alleges that the Deputy Sheriffs reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate Plaintiff's constitutional rights (Count V).

## II. DISCUSSION

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also American Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1463 (7th Cir. 1996) ("A motion in limine is a useful device for trying to exclude evidence before trial in order to prevent the trial from being interrupted by wrangles over admissibility or the jury from getting a whiff of prejudicial evidence that may in fact be inadmissible."). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, 'for any purpose.'" *Bastilla v. Village of Cahokia*, 2010 WL 119132, at *1 (S.D. Ill. 2010) (quoting *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994)). District courts have broad discretion in ruling on motions *in limine*, but evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds. *Kiswani v. Phoenix Sec. Agency, Inc.*, 247 F.R.D. 554, 557 (N.D. Ill. 2008). Otherwise, rulings should be deferred until trial so questions of foundation, competency, relevancy, and potential prejudice may be resolved in proper context. *Id.*

A court's decision to deny a motion *in limine* does not mean that all evidence contemplated by the motion will be admitted at trial. "Rather, denial means the court cannot determine whether the evidence should be excluded outside the trial context." *McClain v. Anchor Packing Co.*, 1996 WL 164385, at *2 (N.D. Ill. 1996). Accordingly, "[t]he ruling is subject to change when the case unfolds …. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41-42; *Kiswani*, 247 F.R.D. at 557 ("Trial judges may alter prior in limine rulings, within the bounds of sound judicial discretion.") (internal citation and quotation marks omitted).

The Court addresses each motion *in limine* in turn.

## A.    Plaintiff's Motions *in Limine*

### 1.    No. 1

In Plaintiff's Motion *in Limine* No. 1, she moves to bar the Deputy Sheriffs from asserting inability to pay as a defense to punitive damages. Plaintiff contends, without record support, that because the Deputy Sheriffs "have refused to produce income or asset information, they should be barred from claiming an inability to pay as a defense to punitive damages." (P. Motion *in Limine* No. 1 at 1.) While Defendants did not file a response to the motion, Plaintiff states that the parties have conferred and determined that this issue is in dispute. (*Id.* at 2.)

"Defendants who are unable to pay a large punitive damages award are entitled to point this out to the jury." *Hillard v. City of Chicago*, 2010 WL 1664941, at *1 (N.D. Ill. 2010) (citing *Kemezy v. Peters*, 79 F.3d 33, 36 (7th Cir. 1996)). Nevertheless, the Deputy Sheriffs cannot claim poverty if their employer or an insurance company is going to pay the bills. *Kemezy*, 79

F.3d at 37 ("The defendant should not be allowed to plead poverty if his employer or an insurance company is going to pick up the tab."). Plaintiff's Motion *in Limine* No. 1 is **denied**.

### 2. No. 2

In Plaintiff's Motion *in Limine* No. 2, she moves to bar any previously undisclosed witnesses, testimony or other evidence that has not been previously disclosed, and to exclude all nonparty witnesses from the courtroom. (P. Motion *in* Limine No. 2 at 1.) While Defendants did not file a response to the motion, Plaintiff states that the parties have conferred and determined that this issue is in dispute. (*Id.* at 2.) Plaintiff's Motion *in Limine* No. 2 is **granted** as follows:

(1)    nonparty witnesses who will testify in this case will be excluded from the courtroom until they are called to testify; and

(2)    the parties are barred from using any witnesses, documents, or other information not disclosed pursuant to FED. R. CIV. P. 26 and 37.

## B. Defendants' Motions *in Limine*

### 1. No. 1

In Defendants' Motion *in Limine* No. 1, they move to bar Plaintiff from offering any testimony, evidence or argument regarding the prior disciplinary actions or records of any of the officers involved in the incident. Defendants contend that "[p]rior disciplinary actions are wholly irrelevant and highly prejudicial to the issue of Defendant Deputies' conduct in this case." (D. Motion *in Limine* No. 1 at 3.) Even if they are relevant, Defendants contend that their prejudicial effect outweighs any probative value pursuant to FED. R. EVID. 403. (*Id.*) Defendants further argue that such evidence constitutes improper character evidence under FED. R. EVID. 404. Finally, Defendants contend that "evidence of prior disciplinary action would serve to confuse the jury and each prior disciplinary action would result in a series of mini-trials within the trial at bar." (*Id.*)

In response, Plaintiff agrees that disciplinary records of nonparty officers are not relevant and does not intend to introduce any such evidence. (Response at 1.) Nevertheless, Plaintiff argues that prior incidents involving the Deputy Sheriffs are "relevant where the jury will be charged with determining the reasonableness of Defendants' conduct under the circumstances. Prior instances in which Defendants violated the rights of citizens of the United States, and received disciplinary actions, are probative of the Defendant[s'] knowledge, intent, and the absence of mistake on their part." (*Id.* at 1-2.)

The Federal Rules of Evidence prohibit the use of "other crimes, wrongs, or acts ... to prove the character of a person in order to show action in conformity therewith." FED. R. EVID. 404(b). "Such acts, however, are admissible if offered for other purposes, such as motive, intent, plan, or opportunity." *Okai v. Verfuth*, 275 F.3d 606, 610 (7th Cir. 2001) (citing FED. R. EVID. 404(b)). Trial judges apply a four-prong test to determine the admissibility of prior "bad acts" evidence. *Treece v. Hochstetler*, 213 F.3d 360, 363 (7th Cir. 2000). Under this test, evidence of prior "bad acts" may be admitted when:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Asher*, 178 F.3d 486, 492 (7th Cir. 1999).

Here, other than stating in a conclusory manner that the Deputy Sheriffs' disciplinary reports are probative of their "knowledge, intent, and the absence of mistake on their part," Plaintiff does not state with any specificity what *actual evidence*, in the form of disciplinary reports or potential witness testimony, she hoped to introduce. *See Okai*, 275 F.3d at 612 ("Although a party need not make a formal offer of proof, he must at a minimum make known to

the trial judge the substance of the evidence he hopes to present."). Nor does Plaintiff indicate how the evidence will "establish[]a matter in issue other than the defendant's propensity to commit the crime charged." *Asher*, 178 F.3d at 492; *see also Okai*, 275 F.3d at 612 ("Okai failed to make an offer of proof detailing the *substance of the disciplinary reports*, much less whether they established that the officers improperly retaliated against prisoners after the riots."). In addition, using the FED. R. EVID. 403 balancing test, which provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," the Court finds that the probative value of the Deputy Sheriffs' disciplinary records is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

Plaintiff cites *Edwards v. Thomas*, 31 F. Supp.2d 1069 (N.D. Ill. 1999), for the proposition that prior bad acts of excessive force by police officers is admissible in a § 1983 case. (Response at 2-3.) However, in *Edwards*, the plaintiff identified a specific instance where another complaint of excessive force against the defendant was sustained. 31 F. Supp.2d at 1074. Here, on the contrary, Plaintiff has not identified any similar complaints against the Deputy Sheriffs and whether such complaints were sustained.

Unless Plaintiff comes forward at trial with some other independent reason why Defendants' disciplinary records are relevant, they are not admissible. Defendants' Motion *in Limine* No. 1 is **granted.**

### 2. No. 2

In Defendants' Motion *in Limine* No. 2, they move to bar Plaintiff "from offering any testimony, evidence, or argument regarding any other incidents involving the use of excessive

force, false arrests or unlawful searches by law enforcement personnel." (D. Motion *in Limine* No. 2 at 1.) Specifically, Defendants request that Plaintiff be precluded "from introducing any prejudicial material regarding publicized incidents of law enforcement using excessive force." (*Id.* at 2.) Finally, Defendants seek to bar Plaintiff "from making any such argument(s) that the frequent media coverage of law enforcement using excessive force is evidence that 'these occurrences do happen.'" (*Id.*)

In response, Plaintiff states that she does not intend to introduce such evidence or make any argument on this topic. (Response at 1.) Nevertheless, Plaintiff asserts that "[i]f Defendants, in any way, directly or indirectly, by way of argument or testimony, present evidence that Deputy Sheriffs of Cook County, Illinois do not engage in misconduct or are known for their outstanding and/or exemplary service, Plaintiff may seek this Court's allowance to introduce [such evidence]." (*Id.*)

The Court finds that evidence of police conduct unrelated to the Deputy Sheriffs in this case has only minimal probative value and is highly inflammatory and prejudicial. *See Walker v. County of Cook*, 2009 WL 65621, at *1 (N.D. Ill. 2009) (barring all evidence regarding other publicized incidents of alleged excessive force because "[t]he probative value of publicized instances of excessive force is limited given that such incidents are unrelated to Walker's specific claims of excessive force[, and] ... the prejudicial effect of such evidence could be substantial given the public nature of such events and would unfairly prejudice a jury"); *Redmond v. City of Chicago*, 2008 WL 539164, at *6 (N.D. Ill. 2008) (barring any reference to instances of police misconduct unrelated to the case because it would be irrelevant and overly prejudicial). Defendants' Motion *in Limine* No. 2 is **granted.**

### 3. No. 3

In Defendants' Motion *in Limine* No. 3, they move to bar Plaintiff from making any references as to whether Defendants may be indemnified by the County of Cook for any compensatory damages returned against them. (D. Motion *in Limine* No. 3 at 1.) Plaintiff acknowledges that the issue of indemnification is generally irrelevant and inadmissible. (Response at 1-2.) Plaintiff argues, however, that if Defendants open the door "by in *any* way intimating poverty or implying that a verdict for Plaintiff would cause a hardship on Defendant Sheriffs and/or their families, the issue of indemnification may be raised by Plaintiff." (*Id.* at 2.)

The Court finds that evidence of indemnification should be barred. *See Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998) ("In the general case courts exclude evidence of indemnification out of a fear that it will encourage a jury to inflate its damages award because it knows the government—not the individual defendants—is footing the bill."). However, if Defendants "open the door by attempting to convey to the trier of fact that the [Deputy Sheriffs] face potential impoverishment or an inability to pay a potential judgment, Plaintiff may request that the court revisit the issue of the introduction of evidence of indemnification." *Smith ex rel. Smith v. Cook County*, 2009 WL 961234, at *8 (N.D. Ill. 2009); *see Lawson*, 153 F.3d at 379 ("Here the rationale for [excluding evidence of indemnification] dissolved once the defendants made their financial weakness the centerpiece of their testimony in the damages phase of the trial. At that point, their direct testimony 'opened the door' and the district court should have permitted Lawson to point to Wisconsin's indemnification statute."); *Kies v. City of Aurora*, 156 F. Supp.2d 970, 978 n.4 (N.D. Ill. 2001) ("If defendants do offer evidence or argument that Smith is unable to personally satisfy a judgment against him, Kies will be allowed to introduce rebuttal evidence of liability insurance."); *see also Kemezy*, 79 F.3d at 37 ("The defendant should

not be allowed to plead poverty if his employer or an insurance company is going to pick up the tab.").

Also included in Defendants' Motion *in Limine* No. 3 is a request that Plaintiff be barred from making any references to Defendants' attorneys as "Assistant State's Attorneys," "County Lawyers," "County," "State," or "Government." (D. Motion *in Limine* No. 3 at 1.) Defendants contend that such references "would be highly prejudicial to the Defendants' case in that the jury may believe the County has 'deep pockets,' thereby allowing the jury to award money to the Plaintiff regardless of the facts." (*Id.* at 1-2.) The Court finds that the likelihood of the jury making such an inferential leap seems slight. *See Richmond v. Burgeson*, 2008 WL 2567132, at *5 (N.D. Ill. 2008) ("The defendants also seek to bar all references to their counsel as 'Assistant State's Attorneys' or similar, because it would allow the jury to infer that indemnification is available. The likelihood of such an inferential leap seems slight."). Furthermore, "the court needs to be able to examine the jurors during *voir dire* for bias and may need to refer to the lawyers' affiliation to do so effectively." *Id.* The Court notes, however, that normal courtroom etiquette requires reference to counsel as "Mr." or "Ms.," and normal etiquette is expected and will be enforced in this case. *Id.* Defendants' Motion *in Limine* No. 3 is **granted** as to the issue of indemnification and **denied** as to the remainder of the motion.

### 4. No. 4

In Defendants' Motion *in Limine* No. 4, they move to bar Plaintiff "from offering any testimony, evidence, or argument regarding the existence of, or standards set by, any Cook County Sheriff's General Orders or other policies and procedures." (D. Motion *in Limine* No. 4 at 1.) Defendants argue that such orders, policies and procedures are irrelevant and any probative value is outweighed by the danger of unfair prejudice and jury confusion. (*Id.*)

What constitutes "reasonableness" with regard to an officer's actions in apprehending a suspect under the Fourth Amendment is "'not capable of precise definition or mechanical application' but 'requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Abdullahi v. City of Madison*, 423 F.3d 763, 768 (7th Cir. 2005) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Therefore, while the Cook County Sheriff's General Orders "may give police administration a framework whereby commanders may evaluate officer conduct and job performance, it sheds no light on what may or may not be considered 'objectively reasonable' under the Fourth Amendment given the infinite set of disparate circumstances which officers might encounter." *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006).

Furthermore, the Seventh Circuit has "consistently held that 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices." *Thompson*, 472 F.3d at 454 (internal citation and quotation marks omitted). "In other words, the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established." *Id.*; *see Whren v. United States*, 517 U.S. 806, 815 (1996) (holding that internal police department rules are an unreliable guide to measuring the reasonableness of police conduct).

Plaintiff cites a number of cases for the proposition that "courts have consistently recognized that violations of general orders or other rules and regulations are relevant for the purpose of establishing willful and wanton conduct, and have thus denied the same motion

Defendants are asking this Court to grant here." (Response at 2.) However, *all* of Plaintiff's cases were decided *prior* to *Thompson* and some of them are flatly inconsistent with *Thompson*'s holdings. *Compare Charles v. Cotter*, 867 F.Supp. 648, 664 (N.D. Ill. 1994) (finding that "evidence that the defendants violated police rules, regulations, etc. to be relevant and probative with respect to [plaintiff's] claim that the defendants violated his constitutional rights" and denying motion in limine on that basis), *and Lopez v. City of Chicago*, 2005 WL 563212, at *10 (N.D. Ill. 2005) (finding that evidence that defendants "did not follow Chicago Police Department rules and regulations ... may be relevant"), *with Thompson*, 472 F.3d at 455 (stating flatly that "the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established"). Defendants' Motion *in Limine* No. 4 is **granted**.

### 5. No. 5

In Defendants' Motion *in Limine* No. 5, they move to bar Plaintiff from offering any testimony, evidence or argument regarding the outcome of the charge of obstruction arising from Plaintiff's arrest.[1] (D. Motion *in Limine* No. 5 at 1.) Defendants contend that "[t]here is a clear risk that a juror presented with evidence that Plaintiff's case was [stricken with leave to reinstate] would assume, in spite of any instructions to the contrary, that her case was either dismissed or that because Plaintiff was not convicted, there was no probable cause for her arrest in the first place. The resulting jury confusion would only serve to obstruct the central issues in this case." (*Id.* at 4.) Defendants also assert that "any arguable probative value of the criminal case's disposition would be substantially outweighed by the potential for unfair prejudice as the jury

---

[1] On July 26, 2007, the criminal obstruction charge against Plaintiff was stricken with leave to reinstate because the Deputy Sheriffs were not present in court, and the judge denied the government's request for a continuance. (D. Motion *in Limine* No. 5 at 1-2.)

would likely place undue reliance upon the outcome of Plaintiff's obstruction case in formulating their decision regarding the Defendant Deputies' conduct when arresting her." (*Id.*)

Plaintiff states that she "has never intended to use the criminal court finding to collaterally attack the Defendants' argument that they had probable cause to arrest her." (Response at 2.) Nevertheless, Plaintiff argues that "[t]he issue in this case is not whether the Officers had *sufficient* facts to justify Plaintiff's arrest *at the time of her arrest*, but whether their version of what occurred during the incident is complete fiction." (*Id.*) (emphasis in original). Plaintiff contends that prejudicial effect of the jurors' knowledge of the outcome of Plaintiff's criminal case can be addressed through a limiting instruction. (*Id.* at 3.)

Defendants correctly note that the disposition of the obstruction charge is not relevant to whether Defendants had probable cause to arrest Plaintiff. *See Townsend v. Benya*, 287 F. Supp.2d 868, 874 (N.D. Ill. 2003). Therefore, "[t]o avoid prejudice to Defendants, the jury should be informed that the outcome of the criminal proceeding is not relevant to whether Defendants had probable cause to arrest Plaintiffs." *Id.* However, the jury will learn that Plaintiff was arrested for obstruction, and if she had been found guilty, the evidence of her conviction would be properly admitted. *See Calusinski v. Kruger*, 24 F.3d 931, 934 (7th Cir. 1994) (holding that a district court properly admitted evidence of plaintiff arrestee's conviction for resisting arrest in civil case against defendant officers for use of excessive force); *Saunders v. City of Chicago*, 320 F. Supp.2d 735, 738 (N.D. Ill. 2004) (where the central issue in the case "is whether the defendant officers used excessive or reasonable force in arresting Mr. Saunders[,] … [h]is misdemeanor conviction for resisting arrest is admissible as *prima facie* evidence of the facts on which the conviction was based"). Accordingly, "in order to avoid the possibility that the jury may assume Plaintiff[ was] arrested and later found guilty," the jury should be told that

the charges against Plaintiff were stricken with leave to reinstate. *Townsend*, 287 F. Supp.2d at 874-75; *Saunders*, 320 F. Supp.2d at 739 ("While the disposition of the charge is not relevant to whether the defendants used excessive force, if the battery charge is mentioned, the disposition must be included in order to prevent the jury from assuming that Mr. Saunders was found guilty.").

Defendants' Motion *in Limine* No. 5 is **denied.** The parties should agree on a stipulation to be read to the jury regarding the outcome of the obstruction charge.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion *in Limine* No. 1 [Doc. 47] is **denied**; Plaintiff's Motion *in Limine* No. 2 [Doc. 48] is **granted**; Defendants' Motions *in Limine* Nos. 1, 2 and 4 [Docs. 49, 50 and 52] are **granted**; Defendants' Motion *in Limine* No. 3 [Doc. 51] is **granted in part and denied in part**; and Defendants' Motion *in Limine* No. 5 [Doc. 53] is **denied.**

ENTER:

Nan R. Nolan
United States Magistrate Judge

Dated: Oct. 18, 2010