**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SHERRY FOX-MARTIN,** | |
| **Plaintiff,** | **No. 09 C 1690** |
| v. | **Magistrate Judge Mary M. Rowland** |
| **CHRISTINE JONES and KYLE TRYBA,** | |
| **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

Plaintiff charges Defendants Christine Jones and K. Tryba with violating her civil rights under 42 U.S.C. § 1983. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Before the Court is Plaintiff's Motion in Limine in Support of the Introduction into Evidence of the Cook County Sheriff's Office of Professional Review's Investigation of Defendant Tryba. For the reasons set forth below, the Motion is granted in part and denied in part. Defendant Jones's Motion to Sever is denied.

## I. BACKGROUND

This action concerns an incident that occurred on March 27, 2007, while Deputy Sheriffs Christine Jones and Kyle Tryba were attempting to process an eviction order in Cook County, Illinois. Plaintiff alleges that during the incident, Defendants seized and arrested her without a warrant and without probable cause (Count I), subjected her to excessive force (Count II), failed to intervene to prevent the alleged

false arrest (Count IV), and conspired together to violate her constitutional rights (Count V).[1]

## II. DISCUSSION

In her Motion, Plaintiff seeks to introduce evidence at trial of an investigation by the Cook County Sheriff's Department's Office of Professional Review (OPR) into an incident—unrelated to the eviction—that occurred in June 2009 between Defendant Tryba and her colleague, Deputy Sheriff Ernest Taylor. (Dkt. 147 at 2–3; Dkt. 109 at 2). Tryba allegedly made racially derogatory remarks to Taylor during a disagreement they had over a restaurant sandwich. (Dkt. 109 at 2). OPR concluded its investigation in October 2010 and recommended that Tryba receive a 120-day suspension for: (i) making racially derogatory remarks to Taylor, (ii) making false statements to OPR concerning the remarks made to Taylor, and (iii) conduct unbecoming an officer for being discourteous to Taylor. (*Id.*; Dkt. 147 at 2). The Cook County Sheriff's Merit Board held a hearing on this matter in August and October 2011. (Dkt 174 Ex. A, Ex. B at ¶ 5). On January 18, 2012, the Merit Board issued its Decision, reducing the suspension to 90 days but otherwise affirming OPR's findings. (*Id.* Ex. A, Ex. B at ¶ 6). On February 22, 2012, Tryba brought a Complaint for Administrative Review in Cook County Circuit Court, seeking a reversal of the disciplinary action taken by the Merit Board. (*Id.* Ex. B). As part of a confidential settlement in an unrelated case, Tryba has agreed to withdraw the Complaint, and the

---

[1] In her First Amended Complaint, Plaintiff dropped Count III. (Dkt. 97). On December 24, 2012, Plaintiff voluntarily dismissed her claims of (i) excessive force (Count II) against Defendant Tryba and (ii) failure to intervene with respect to Defendant Jones's alleged use of excessive force against both Defendants. (Dkt. 136).

Sheriff's Office has agreed to reduce her suspension to 29 days for conduct unbecoming an officer and to expunge the other findings. (Dkt. 154 at Ex. 1). Plaintiff requests that she be permitted to: (1) inquire into the false statements made by Tryba to OPR investigators; (2) offer into evidence that Tryba was suspended for her untruthful statements to OPR; (3) offer into evidence OPR documents that contain Tryba's racially derogatory comments; and (4) offer opinion or reputation evidence to attack Tryba's credibility. (Dkt. 147 at 3–8).

While Federal Rule of Evidence 404 generally excludes character evidence, Federal Rule of Evidence 608(a) allows a party to attack a witness's character for truthfulness through opinion or reputation testimony. *See United States v. Holt*, 486 F.3d 997, 1001 (7th Cir. 2007). The use of specific instances of conduct to show a witness's character for truthfulness is governed by Rule 608(b), which states: "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness . . . may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness . . . concerning the witness' character for truthfulness or untruthfulness . . . ." *See Battle v. O'Shaughnessy*, No. 11 C 1138, 2012 WL 4754747, at *3 (N.D. Ill. Oct. 4, 2012) ("Rule 608(b) allows impeachment of witness by questioning about specific instances of conduct for the purpose of attacking the witness's character for truthfulness."). "The reason for allowing cross-examination under Rule 608(b) is to allow a party to attempt to cast doubt on a witness's reliability for telling the truth." *Varhol v. Nat'l*

*R.R. Passenger Corp.*, 909 F.2d 1557, 1567 (7th Cir. 1990). Nevertheless, "[t]he trial judge has a responsibility not to allow cross-examination to get out of hand, confuse the jury, and prolong the trial unnecessarily." *United States v. Dawson*, 434 F.3d 956, 959 (7th Cir. 2006). The decision whether to limit the scope of cross-examination is confided to the trial judge's discretion. *Id.*; *Holt*, 486 F.3d at 1000–01.

### A. OPR and Merit Board Findings

Plaintiff contends that "Rule 608(b) permits [her] to inquire into the specific instances of Tryba's false statements to OPR about her racist comments in order to attack her truthfulness as a witness in this case." (Dkt. 147 at 3–4). In Tryba's supplemental response, she asserts that the OPR findings were recently expunged from her record pursuant to a confidential settlement agreement in an unrelated case. (Dkt. 154 at 2). The only discipline remaining in her file is a 29-day suspension for conduct unbecoming an officer. (*Id.*). Thus, Trbya argues that the findings by the OPR investigators are no longer "competent to challenge [her] reputation for truthfulness." (*Id.*). Defendants also argue that allowing such "evidence would be confusing to the jury, would prolong the trial unnecessarily and would be unfairly prejudicial." (Dkt. 109 at 4).

The OPR's and the Merit Board's conclusions that Tryba made false statements concerning the remarks she made to Taylor is probative of Tryba's character for truthfulness or untruthfulness. Fed. R. Evid. 608(b). However, before allowing impeachment of a witness by questioning about specific acts of misconduct that reflect

on the witness's character for truthfulness, the Court should be satisfied that a good faith belief exists to believe the misconduct occurred. 3 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 6:34 at 223–24 (3d ed. 2007). Here, both the OPR and the Merit Board found that Tryba made false statements to OPR investigators. While this finding is in the process of being expunged as part of a settlement in an unrelated case, the expungement is not a reversal of the OPR's and Merit Board's findings. *See United States v. Lundy*, 416 F. Supp. 2d 325, 333 (E.D. Penn. 2005) (dismissal of perjury charges pursuant to participation in a pretrial intervention program did not affect its admissibility under Rule 608(b)). While expungement of Tryba's disciplinary records "is meant to erase the stigma that would otherwise be borne by [Tryba], in the same way laws treat juvenile delinquents who have committed criminal acts, it does not constitute a finding of 'not guilty.'" *Id.* (citations omitted). Because Tryba's discipline for making racially derogatory remarks and making false statements is being expunged *as part of the settlement in an unrelated case*, the Court will not treat the expungement as a contrary factual finding for purposes of assessing their admissibility under Rule 608(b).

While Rule 608(b) precludes attacking a witness's character for truthfulness with extrinsic evidence, Plaintiff may inquire into this issue on cross-examination. Thus, Plaintiff may question Tryba whether the OPR found that she gave a false statement to OPR during the course of an internal investigation and whether the Merit Board affirmed that finding. Defendants contend that allowing this question would circumvent Rule 608(b)'s extrinsic evidence bar by including third party opin-

ions—the OPR investigators and the Merit Board—into a question asked of Tryba. (Dkt. 109 at 5). The Court disagrees. While Rule 608(b) precludes *extrinsic evidence*, it does not bar Plaintiff from *asking questions* of Tryba regarding the OPR investigation. *See Dawson*, 434 F.3d at 959 ("The important point is that the decision whether to allow a witness to be cross-examined about a judicial determination finding him not to be credible is confided to the discretion of the trial judge; it is not barred by Rule 608(b), which, to repeat, is a rule about presenting extrinsic evidence, not about asking questions.").

However, Plaintiff may *not* inquire into the racially derogatory aspects of the OPR investigation. Such an inquiry would "confuse the jury, and prolong the trial unnecessarily." *Dawson*, 434 F.3d at 959. Any probative value of cross-examining Tryba on the substance of the OPR investigation would be substantially outweighed by the prejudicial aspects of the racially derogatory remarks made by Tryba to Taylor. Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *see United States v. Saunders*, 166 F.3d 907, 920 (7th Cir. 1999) (probative value of Rule 608(b) evidence "must still outweigh the danger of unfair prejudice, confusion of the issues, or misleading the jury"); 2 Stephen A. Saltzburg, *et al.*, *Federal Rules of Evidence Manual* § 608.02[5], at 608-12 (2006) (noting that where the witness is a party, the possible prejudice derived from a bad act is at its highest). The jury would likely give far more weight

to the nature of the racially derogatory remarks than to whether OPR's findings that she had been untruthful undermines her credibility. 2 Saltzburg, *supra*, § 608.02[10], at 608-20 (noting that the purpose of Rule 608(b) is to "prevent the focus of the a trial from turning from the merits of a dispute to the issue of whether a witness committed a particular act"). The jury could decide to punish Tryba for her remarks rather than for whether she violated Plaintiff's constitutional rights. Further, allowing cross-examination on the racially derogatory aspects of the OPR investigation would unnecessarily prolong the trial. Significant testimony would be required to place the confrontation between Tryba and Taylor in context and to rehabilitate Tryba's credibility on re-direct.

## B. 120-day Suspension

Plaintiff requests that she be permitted to cross-examine Tryba regarding the 120-day suspension that OPR recommended for making misrepresentations and racially derogatory comments.[2] (Dkt. 147 at 5). Defendants argue that "[n]othing of probative value arises from this line of questioning, but the unfair prejudice to [] Tryba that would occur from allowing Plaintiff to ask such questions cannot be undone." (Dkt. 109 at 8). The Court agrees.

OPR recommended that Tryba receive a 120-day suspension for not only making an untruthful statement but also because she made racially derogatory remarks to Taylor and for conduct unbecoming an officer for being discourteous to Taylor. (Dkt. 147 at Ex. A at 5–6). In other words, the 120-day suspension concerns not only

---

[2] As discussed above, the Merit Board reduced the suspension to 90 days.

Tryba's untruthful statement but also relates to acts that the Court finds are more prejudicial than probative. There is nothing in the record to indicate what penalty OPR would have recommended, if any, had it merely concluded that Tryba was untruthful. Moreover, allowing Tryba to testify about the discipline she received constitutes inadmissible hearsay concerning OPR's and the Merit Board's opinions. *See Holt*, 486 F.3d at 1002. The Court finds that any probative value in allowing cross-examination on Tryba's suspension would be substantially outweighed by its prejudicial aspects. Plaintiff's request to inquire about Tryba's suspension is denied.

## C. OPR Materials

Next, Plaintiff requests that she be permitted to introduce "the OPR materials regarding Tryba's racist statement under Fed. R. Evid. 404(b) as evidence of a prior bad act indicating that Tryba is prejudiced against African American individuals, and that this was her motive behind her actions in violating Plaintiff's constitutional rights." (Dkt. 147 at 6*).* Plaintiff contends that Tryba's "clear racial animus to African American individuals motivated her actions in this case." (*Id.* 7). Defendants counter that the OPR materials do not meet the test for admissibility under Rule 404(b). (Dkt. 109 at 10–16).

"Rule 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove that a person acted in conformity with his prior conduct." *United States v. Perkins*, 548 F.3d 510, 513–14 (7th Cir. 2008). Thus, Rule 404(b) clearly prohibits Plaintiff from introducing evidence of prior bad acts to show that Tryba's character is consistent with a propensity to commit the charged offense. *Id.* Nevertheless,

Rule 404(b) allows the court to admit evidence of a defendant's bad acts for other permissible, non-propensity purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake." In determining whether evidence of prior bad acts is admissible, the evidence of the other act must:

> (1) be directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) show that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) be sufficient to support a jury finding that the defendant committed the similar act; and (4) have probative value that is not substantially outweighed by the danger of unfair prejudice.

*Perkins*, 548 F.3d at 514.

Here, the OPR materials fail to satisfy the elements of the *Perkins* test. First, OPR's conclusion that Tryba made a singular racially derogatory remark to a fellow officer in a locker room does not demonstrate that Tryba has "clear racial animus to African American individuals." No pattern of behavior has been alleged that would suggest that Tryba's acts are motivated by racial animus. Instead, the evidence suggests that the verbal altercation between Tryba and Taylor was an isolated incident between colleagues.

Second, Plaintiff has not established that the incident between Tryba and Taylor is similar enough and temporally close enough to be relevant to the issues in this case. On the contrary, the confrontation between the fellow officers over a restaurant sandwich bears no similarity to Plaintiff's allegations that over two years later, Tryba conspired to violate her constitutional rights and failed to take reasonable steps to prevent her from being falsely arrested and from being subjected to unreasonable force. *See Treece v. Hochstetler*, 213 F.3d 360, 363 (7th Cir. 2000) ("Thus, in

order to ensure that the evidence at issue is not offered to establish Hochstetler's propensity to commit the acts for which he is accused, we require that *the prior bad acts evidence bear a singular strong resemblance to the pattern of the offense charged*.") (citations and brackets omitted); *Akbar v. City of Chicago*, 2009 WL 3335364, at *2 (N.D. Ill. Oct. 14, 2009) ("[S]imilarity of incidents is required as a safeguard against the backdoor introduction of propensity evidence under another name."). Further, there are no allegations in this case—until now—that Tryba's actions during the eviction were motivated by racial animus. Indeed, Plaintiff has not identified any witness who would testify that Tryba's actions during the eviction were racially motivated.

Third, any probative value of the OPR materials is substantially outweighed by the danger of unfair prejudice to Defendants. Fed. R. Evid. 403. Although there is no evidence of racial motivation during the eviction, the jury could be so offended by the racially derogatory remarks directed at Taylor that they could punish Defendants in this case. Finally, the OPR materials would confuse the jury and unnecessarily prolong the trial. Extensive cross-examination and further witnesses would be needed to provide context for the Tryba/Taylor incident, resulting in a "trial within a trial" and confusing the jury as to what they were being asked to rule upon.[3]

---

[3] For the reasons given in this Opinion, the Court sustains Defendants' objections to Plaintiff's proposed exhibits 26–29. (*See* Dkt. 160 at 10–11).

### D. Tryba Reputation

Plaintiff also requests that she "be permitted to call as witnesses the numerous deputies whose OPR statements contradict Tryba." (Dkt. 147 at 7). She states that Deputy Sheriffs Quentin Bradshaw, Robert Infelise, Ernest Taylor, Hector Davilla, Cameron Pon, Lawrence Sanders, and Fernando Rodriguez all gave statements to OPR that contradicted Tryba's denial of making racially derogatory statements to Taylor. (*Id.*). Plaintiff contends that "under Rule 608(a), [she] is permitted to offer witness testimony 'in the form of opinion or reputation' for the purpose of attacking Tryba's credibility." (*Id.* 7–8).

Rule 608(a) provides that:

> The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

Here, Plaintiff has not made a proffer as to whether any of these witnesses would testify that Tryba is an untruthful person or if they are qualified to opine as to Tryba's reputation for truthfulness. For example, Plaintiff has not demonstrated that any of these witnesses have had the opportunity to acquire knowledge about Tryba's reputation outside of this isolated incident. Further, Plaintiff cannot use these witnesses to impermissibly present *extrinsic* evidence of *specific* instances of conduct to show a witness's character for truthfulness. *See Holt*, 486 F.3d at 1001; Fed. R. Evid. 608(b); 2 Saltzburg, *supra*, § 608.02[2], at 608-8 ("The limitations in [Rule 608(a)] to opinion and reputation evidence mean that a character witness

cannot be used as a subterfuge for getting specific acts of untruthfulness in front of the jury.").

In any event, the Court finds that permitting Plaintiff to call an additional seven witnesses in this case would confuse the jury and unnecessarily prolong the trial. Fed. R. Evid. 403. Given that these seven additional witnesses are more witnesses than the total number of trial witnesses previously identified by Plaintiff, the issue of whether Tryba made a racially derogatory remark to Taylor could overwhelm the "real" issues in this case. Further, any probative value of these seven witnesses is substantially outweighed by the prejudice to Defendants of having numerous "mini-trials" on whether Tryba made the alleged racist remarks. Plaintiff's request to call the Deputy Sheriffs as opinion/reputation witnesses is denied.[4]

### E. Defendant Jones's Motion to Sever

Should the Court grant the Motion in Limine, Jones seeks to sever her trial from Defendant Tryba's trial. (Dkt. 168). Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The Court has "broad discretion" to decide whether Plaintiff's cases against Jones and Tryba should be tried separately. *See Smith v. Northeastern Ill. Univ.*, No. 98 C 3555, 2002 WL 377725, at *5 (N.D. Ill. Feb. 28, 2002). In making its determination, the Court "must balance the probable savings of

---

[4] For the reasons given in this Opinion, the Court sustains Defendants' objections to Plaintiff's proposed witnesses 7–12, 14–16, and 20–29. (*See* Dkt. 160 at 2–6).

time and effort against the likelihood that a party might be prejudiced, inconvenienced or put to extra expense." *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 518 (N.D. Ill. 2000) (citation omitted).

Jones contends that "[a] jury's determination of liability against Deputy Jones for excessive force and false arrest would be tainted based upon the introduction of evidence relating to the allegations of racial animus directed at Deputy Tryba." (Dkt. 168 at 3). However, as discussed above, the Court is not allowing the allegations of racial animus to be admitted. Moreover, any possible prejudice to Jones from impeaching Tryba with OPR's findings that she made misrepresentations to OPR investigators can be addressed with a limiting instruction. *United States v. McClurge*, 311 F.3d 866, 872 (7th Cir. 2002) ("Even were we to find that the trial judge erred when denying McClurge's severance motion, the law is clear that misjoinder of defendants can be harmless error if the jury was appropriately instructed to give separate consideration to each individual defendant and to each separate charge against him . . . .") (citation omitted); *see* Seventh Circuit Pattern Civil Jury Instruction 1.25 ("You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the other is also liable. In considering a claim against a defendant, you must not consider evidence admitted only against other defendants."). Jones's Motion to Sever is denied.

### III. CONCLUSION

As discussed above, Plaintiff's Motion in Limine in Support of the Introduction into Evidence of the Cook County Sheriff's Office of Professional Review's Investigation of Defendant Tryba [147] is **GRANTED IN PART AND DENIED IN PART**. Defendant Jones's Motion to Sever [168] is **DENIED**.

E N T E R:

Dated: July 16, 2013

_____
MARY M. ROWLAND
United States Magistrate Judge